IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LORI ADKINS                                                                                    PLAINTIFF

v.                                    Case No. 3:12-CV-03110

SERENITY, INC.                                                                               DEFENDANT

## ORDER

Currently before the Court are Defendant Serenity, Inc.'s Motion to Dismiss for Failure to Prosecute (Doc. 12) and Attorney Luther Oneal Sutter's Motion to Withdraw as Attorney for Plaintiff (Doc. 14). Mr. Sutter represents that he has been unable to contact his client, Plaintiff Lori Adkins, "for the last several months," whether by phone, regular mail, or e-mail, and that Ms. Adkins failed to attend a scheduled deposition. Mr. Sutter also states that he can no longer make important litigation decisions without consulting with Ms. Adkins, and discovery cannot be completed without her participation.

Defendant affirms that Ms. Adkins failed to appear for a noticed deposition and argues that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute. Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Although it appears that this case cannot proceed further due to Plaintiff's failure to participate in the litigation, a dismissal "on the merits," or with prejudice, under Rule 41(b) does not appear justified on the strength of the evidence now before the Court. Specifically, the Court is unable to discern from Mr. Sutter's Motion to Withdraw the particular length of time he attempted to contact Ms. Adkins but received no response. Mr. Sutter states that he attempted to contact Ms.

-1-

Adkins "for the last several months" but does not describe whether his efforts were made daily, weekly, monthly, or less often. There is no clear evidence of a pattern of intentional delay or willful disregard of the Court's orders by Ms. Adkins. Therefore, dismissal without prejudice is a more appropriate and less extreme remedy that is well within the Court's discretion to grant under Rule 41(b).

      Accordingly, Defendant Serenity, Inc.'s Motion to Dismiss for Failure to Prosecute (Doc. 12) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE. In light of the dismissal of this case, Attorney Luther Oneal Sutter's Motion to Withdraw as Attorney for Plaintiff (Doc. 14) is MOOT. Mr. Sutter is DIRECTED by the Court to make all reasonable efforts to contact Ms. Adkins by any and all means available and inform her of the dismissal of this case by providing her with a copy of this Order.

      IT IS SO ORDERED this 28th day of June, 2013.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE